## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMMIE D. MARTIN,<br><br>   **Plaintiff,**<br><br>v.<br><br>IDOC, MENARD STAFF,<br>M. OTTENSMEIER, BRUMLEVEL,<br>TREVOR M. ROWLAND, and<br>A. JONES,<br><br>   **Defendants.** | Case No. 23-cv-44-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Timmie D. Martin, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Martin alleges various constitutional violations and seeks declaratory judgment, monetary damages, and injunctive relief.

  This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Simply put, Martin's Complaint is difficult to decipher. Martin's Complaint is lengthy and difficult to read because he places very little spacing between his words. In some parts it is completely illegible. He also has submitted several supplements and "letters" to the Court which are equally difficult to decipher (*See* Docs. 5, 12, 14, 16, 17, 18, 19, 20). Some of the supplements are grievances, with additional commentary directed to the undersigned (Docs. 12, 17, 18, 19). Another "supplement" appears to request additional damages and addresses his living conditions in segregation (Doc. 5). The Court does not accept piecemeal amendments to the pleadings. To the extent that Martin wishes to amend his Complaint, he would have to seek leave to amend his Complaint and file a complete Amended Complaint, with both his original and new allegations. To the extent he seeks to add claims, allegations, and/or evidence to his original Complaint with his various supplements, his request is **DENIED**.

Turning to his original Complaint (Doc. 1), his pleading clearly violates Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Martin's Complaint is neither simple nor direct. He presents difficult to decipher, sometimes illegible, and rambling allegations.

It appears that Martin may be trying to allege a violation of his due process rights during a disciplinary hearing. But Martin's Complaint is missing necessary facts that are pertinent to such a claim. Martin states that he was placed in segregation for "doing a good deed" (Doc. 1, p. 13). He states that he was subjected to "false imprisonment" and that officers lied in a disciplinary report (*Id*. at p. 4). Although not entirely clear, a weapon may have been found during a search of his cell, or Martin may have turned the weapon in to staff (*Id*. at pp. 4, 9)

But Martin's allegations are missing a number of key facts. When an inmate raises a procedural due process claim, the Court undertakes a two-part analysis. *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). The Court first evaluates whether the prisoner was deprived of a protected liberty interest, and then second, whether the process he was afforded was constitutionally deficient. *Id.* (citing *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)). An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Although Martin mentions a "significant (or) atypical departure from the ordinary incidents of prison life," he fails to include any allegations regarding the length of time he spent in segregation or the conditions that he faced while there (Doc. 1, pp. 6-7). He indicates that the charge comes with a possible year in segregation, but it is not clear whether he actually received that discipline (*Id*. at p. 4). Martin's Complaint also fails to include any allegations about what process, if any, he

3

received regarding the disciplinary charge. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974).[1]

It also appears that Martin is seeking to allege an excessive force claim. He alleges that several named officers jumped him and threw him down on the floor, twisting his arm and shoulder (Doc. 1, p. 9). The Complaint, however, fails to indicate when this event occurred and who participated in the use of force. There does not appear to be any date listed in the Complaint regarding the use of force. He mentions being placed in segregation on December 12, 2022, but it is not clear if this is the date the alleged excessive force occurred (*Id*. at p. 10). Martin mentions that he showed Brumlevel his front cuff permit; he later states that Brumlevel accused Martin of lying about his medical permit and grabbed him (*Id*. at pp. 9-10). Earlier in the Complaint he states that Ottensmeier, A. Jones, and Brumlevel used excessive force by throwing him down with several other officers (*Id*. at p. 3). The Complaint simply fails to include pertinent information to clearly establish an excessive force claim.

Martin further identifies groups and entities in his case caption that do not appear in the statement of claim. He identifies "Menard Staff" but fails to indicate what staff he is seeking to sue and for what violations. Although Martin may certainly allege claims against identified John Does (i.e., John Doe #1, John Doe #2), he includes groups that are

---

[1] Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed.

too generic to survive threshold review as he does not describe them or even state the number of them. He further lists IDOC as a defendant, but the Illinois Department of Corrections is a state government agency and is not subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Because Martin's Complaint fails to adequately set forth claims, his Complaint is **DISMISSED without prejudice**. Martin will have an opportunity to file a First Amended Complaint if he wishes to pursue any of his claims in this action. If he chooses to do so, Martin must comply with the instructions and deadlines set forth in the below disposition. To aid Martin in drafting his Amended Complaint, the Clerk of Court is **DIRECTED** to send Martin a Section 1983 Complaint form.

## Discussion

For the reasons stated above, Martin's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **July 12, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Martin's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). As mentioned above, the Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Martin must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Martin is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Martin is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  June 14, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**