IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMMIE D. MARTIN,<br><br>      Plaintiff,<br><br>v.<br><br>IDOC, MENARD STAFF, M. OTTENSMEIER, BRUMLEVEL, A. JONES, TREVOR ROWLAND, C/O EVANS, C/O HERN, and JOHN DOES,<br><br>      Defendants. | Case No. 23-cv-44-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Plaintiff Timmie D. Martin, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Martin's Complaint (Doc. 1) was dismissed without prejudice, and he was granted leave to file an Amended Complaint.

      On June 29, 2023, Martin submitted an Amended Complaint (Doc. 23). He subsequently submitted several supplements to the pleading (Docs. 24-27).

      This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Amended Complaint

Martin's original Complaint was dismissed because it was difficult to decipher, and it was not entirely clear what claims he sought to raise in his pleading. He also identified groups of defendants rather than identifying specific John Does, and he sought to bring claims against the IDOC, an entity that is not subject to suit under Section 1983 (Doc. 21). He was, however, granted leave to file an Amended Complaint (*Id*. at p. 5).

On June 29, 2023, Martin filed his First Amended Complaint (Doc. 23). He subsequently filed three "supplements" (Docs. 24, 26, 27) and a notice of urgent issue (Doc. 25), which also appears to be an attempt to add additional claims to his Amended Complaint. The Court previously told Martin that it does not accept piecemeal amendments to the pleadings (Doc. 21, p. 2). He was instructed that if he wanted to amend his pleadings, he would need to seek leave and file a proposed Amended Complaint, complete with both original and new allegations (*Id*.). His various supplements do not meet the requirements previously set forth by the Court. Thus, to the extent he seeks to add to his Amended Complaint by way of supplements, those requests are **DENIED** (Docs. 24, 25, 26, 27)**.**

Martin's Amended Complaint is, again, very difficult to decipher. He notes on the first page that the pens in his possession are inadequate for writing and that he is doing his best to communicate his claims to the Court (Doc. 21, p. 1). While the print is legible, words are written close together and in the margins, making it difficult to read. Further,

there are no allegations under the statement of claim (*Id.* at p. 6), and there is no reference to where the allegations are located in the 124-page pleading.

A thorough review of the lengthy pleading revealed no statement of facts. Instead, Martin included a number of exhibits in which he incorporated what appear to be notes to the Court. One such note, on a document presumably from the mail staff indicating how Martin should properly address his mail, Martin wrote that the document demonstrates that he is unable to mail letters to his family (Doc. 23, pp. 10-11).

Martin also includes handwritten forms entitled "petition of mandamus" and "civil complaint," but neither handwritten document is filled out (*Id.* at pp. 19-20). He includes letters to state legislators seeking a change in laws (*Id.* at pp. 16-17). Another page sets forth standards for Fourteenth Amendment due process claims but fails to set forth any facts which indicate he is pursuing such a claim. The page also mentions the Eighth Amendment, Tenth Amendment, and excessive bail (*Id.* at p. 21). Martin also includes handwritten treatises that he appears to have copied from unknown self-help legal books. He includes a handwritten document entitled, "Chapter VIII State Due Process Issues" and "Jailhouse Lawyer's Handbook Chapter Six" (*Id.* at pp. 26-33). Although some of these handwritten documents mention due process claims, Martin fails to indicate that he is proceeding on such a claim.

In a grievance response found in the middle of his pleading, he notes that the grievance was related to medical permits (*Id.* at p. 34). In the margins, he includes an address to the Court indicating he received an examination by Dr. King regarding Martin's ability to be cuffed behind his back (*Id.*). He does mention that C/O Brumlevel

accused Martin of tampering with the permit (*Id.*). Dr. King is not listed as a defendant in the case. Although Brumlevel is identified in the caption of the Amended Complaint, the allegations do not suggest that he violated any of Martin's constitutional rights related to the medical permit. He also includes numerous grievances on a variety of other topics including medical permits, damage to property, emergency phone calls, and other staff conduct (*Id.* at pp. 35-76, 86-122).

Under the portion of his Amended Complaint entitled "Grievance Procedure," Martin indicates that he wrote a grievance about discovering a jailhouse homemade weapon and turning it in to authorities (*Id.* at p. 4). He complained that he was then "framed" and charged with possession of the weapon. He mentions Defendants Ottensmeier and A. Jones (*Id.* at p. 4-5). He states that they lied about searching him (*Id.* at p. 5). His request for relief states that he seeks a monetary award in relation to the incident (*Id.* at p. 7).

## Discussion

Once again, Martin's Amended Complaint clearly violates Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Martin's Amended Complaint is neither simple nor direct. He fails to present any true allegations

in the pleadings. He includes notes in the margin to the Court, but nothing that clearly or concisely indicates a specific claim he is pursuing.

To the extent that he seeks to bring a claim regarding the issuing of medical permits, Martin simply includes numerous grievances about his need for a front-cuff permit. On one grievance response he indicates that he was examined for a permit and Brumlevel questioned the permit (Doc. 23, p. 34). But nothing in the note indicates that any defendant acted with deliberate indifference in issuing the permit. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Further, to the extent that he attempts to allege a due process claim in relation to a disciplinary hearing, Martin also fails to state a claim. It is not at all clear that Martin is attempting to pursue a due process claim in relation to this disciplinary charge, although statements throughout the Amended Complaint suggest that may be his intent. He does include statements about grievances he submitted related to the charges, but no statement of claim regarding due process violations. Martin includes a handwritten "chapter" on due process issues, but merely includes citations to case law without any indication whether he is claiming such violations in this case (*Id*. at pp. 26-28). He also seeks compensation in his request for relief because all he "did was the fairly but righteous type… [when] I turned in a jailhouse type made..found weapon." (*Id*. at p. 7).

"The Due Process Clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). When an inmate raises a procedural due process claim, the Court undertakes a two-part analysis. *Id*. The Court first evaluates whether the prisoner was deprived of a protected

5

liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id.* (citing *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)).

Martin fails to allege that he was deprived of a protected liberty interest. He mentions that the charge carried a one-year segregation status, but he does not indicate whether he received one year in segregation nor does he describe the conditions he experienced in segregation. An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). On a scrap of paper on page 83 of his Amended Complaint, there is a note with a direction to add a quote to his lawsuit to suggest that "plaintiff" seeks compensation from being placed in segregation for 23-hours a day and not being unable to participate in educational, vocational programs or work (*Id.* at p. 83). There is no indication Martin actually experienced these conditions. Further, there are no allegations to suggest the conditions he experienced amounted to an "atypical and significant" hardship.

Martin also has not alleged that his due process rights were violated in the disciplinary hearing. Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing

6

the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Martin merely states that he was "framed", "setup", and that the search of his body was a lie (*Id*. at pp. 5, 7). But there are no allegations to suggest he was denied any of these due process protections.

For these reasons, Martin again fails to state a claim. This is Martin's second attempt at stating a viable claim and he has been unable to do so, despite clear and concise instructions from the Court on how to set forth "a short and plain statement" of his claims. FED. R. CIV. P. 8(a)(2). Because Martin is unable to set forth a viable claim, the Court finds that further amendment would be futile at this time.

## Disposition

For the reasons stated above, Martin's Amended Complaint (Doc. 23) is **DISMISSED with prejudice**. The dismissal shall count as one of Martin's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Martin wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Martin does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day

appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  August 18, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**